JOHN PIPER ET AL. V. WILLIAM WOOLMAN.

FILED JANUARY 3, 1895.    No. 5735.

1. **Libel:** EVIDENCE.  The deacons of a church made a written accusation against a member thereof, a clergyman, charging him "with repeatedly and persistently uttering statements that are contrary to the truth.    We charge him with giving way to violent and unchristian temper.    We charge him with defaming the good name of members of this church."    The clergyman then sued the deacons for libel, making these accusations the basis of his suit.  *Held,* (1) That the publication was libelous *per se;* (2) that the finding and judgment made by the church in the trial of the clergyman on the charges were not competent evidence for either party in the libel suit, and were properly stricken out of the answer of the deacons.

2. **Pleading.**  THE OFFICE OF A REPLY is to deny the facts alleged as defenses in the answer, or to allege facts in avoidance of such defenses.

3. **Libel:** OPINION EVIDENCE.  On the trial of the libel suit the plaintiff called as a witness another clergyman, of whom he inquired what effect it would have upon a clergyman to charge

him with repeatedly and persistently uttering statements that are contrary to the truth, and with defaming the good name of members of the church. The witness answered that the charge would be detrimental to the clergyman's reputation and usefulness, and would destroy his reputation for honesty and qualifications for his office. *Held,* That the evidence of the witness was a mere opinion and its admission was error.

4. ———: PRIVILEGE. In such libel suit the defendants pleaded: "And defendants allege that at said time both they and the plaintiff were members of said First Congregational church of Palisade, Nebraska, and that they, the defendants, preferred such charges in the manner herein set out; that said charges were so preferred and exhibited in said church by defendants according to the usage and discipline thereof." *Held,* A good plea of qualified privilege.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J.

*M. M. House* and *L. H. Blackledge,* for plaintiffs in error:

Defendants should have been allowed to plead sufficient facts to show that the charges were acted upon by the church. (*Hale v. Wigton,* 20 Neb., 83.)

The plea of privilege was sufficient and the evidence proffered thereunder was wrongfully excluded. (*Shurtleff v. Stevens,* 51 Vt., 501; 1 Hilliard, Torts, p. 355; *Wright v. Woodgate,* 2 Cromp, M. & R. [Eng.], 573; *Jarvis v. Hatheway,* 3 Johns. [N. Y.], 180; *Hale v. Wigton,* 20 Neb., 83; *Gardemal v. McWilliams,* 26 Am. St. Rep. [La.], 195; *Dial v. Holter,* 6 O. St., 229; *McKnight v. Hasbrouck,* 20 Atl. Rep. [R. I.], 95; 2 Greenleaf, Evidence [14th ed.], sec. 421; *Broughton v. McGrew,* 5 L. R. A. [Ind.], 406; Abbott, Trial Evidence, pp. 663, 669, 670.)

The defense of privilege may be given under the general issue. (Newell, Defamation, p. 649, sec. 63; 1 Hilliard, Torts, p. 362; *Bradley v. Heath,* 12 Pick. [Mass.], 163; *Fero v. Ruscoe,* 4 Comst. [N. Y.], 162; *Torrey v. Field,* 10 Vt., 353.)

The court erred in admitting the evidence of the witness, Clifton, as to his opinion of the effect certain charges would have on the plaintiff. (1 Sutherland, Damages, p. 793; *Alexander v. Jacoby,* 23 O. St., 358.)

*W. O. Woolman, contra:*

The alleged finding of the church was properly stricken out. (*Tubbs v. Lynch,* 4 Har. [Del.], 521; 2 Wait, Actions & Defenses, p. 266; Boone, Code Pleading, secs. 11, 12; *McLaughlin v. Campbell,* 14 N. Y. Weekly Digest, 194.)

The motion to strike the matter from the reply was properly overruled. (*Eikenberry v. Edwards,* 32 N. W. Rep. [Ia.], 183; *Paxton Cattle Co. v. First Nat. Bank of Arapahoe,* 21 Neb., 621.)

The words of the charge were clearly libelous *per se.* (*Brooker v. Coffin,* 5 Johns. [N. Y.], 188; *Matin v. Stillwell,* 13 Johns. [N. Y.], 275*; *Hayner v. Cowden,* 27 O. St., 292; Odgers, Libel & Slander [1st Am. ed.], 82*; *Malone v. Stewart,* 15 O., 319; Townsend, Libel & Slander, sec. 182; *Geisler v. Brown,* 6 Neb., 254.)

Defendants omitted the necessary allegation that the charges were preferred regularly and in good faith. (*Smith v. Thomas,* 2 Bing. N. C. [Eng.], 372; Hilliard, Torts, p. 355; *Kleizer v. Symmes,* 40 Ind., 562; *Coombs v. Rose,* 8 Blackf. [Ind.], 155; *Jarvis v. Hatheway,* 3 Johns. [N. Y.], 180; *Farnsworth v. Storrs,* 5 Cush. [Mass.], 412; *York v. Pease,* 2 Gray [Mass.], 282; Odgers, Libel & Slander [1st Am. ed.], 239*; *Wilson v. Collins,* 5 C. & P. [Eng.], 373*; *Oddy v. Lord George Paulet,* 4 F. & F. [Eng.], 1009.)

There was no sufficient plea of justification. (Odgers, Libel & Slander, p. 174*; *Van Ness v. Hamilton,* 19 Johns. [N. Y.], 349; *Andrews v. Vanduzer,* 11 Johns. [N. Y.], 38; *Billings v. Waller,* 28 How. Pr. [N. Y.], 97; *Swann v. Rary,* 3 Blackf. [Ind.], 298; *Wachter v. Quenzer,* 29 N. Y., 547; *Robinson v. Hatch,* 55 How. Pr. [N. Y.], 55; Bliss, Code Pleading, sec. 363; *Swift v. Dickerman,*

31 Conn., 285; *Storey v. Early,* 86 Ill., 461; *Fowler v. Gilbert,* 38 Mich., 292; *Langton v. Hagerty,* 35 Wis., 150; *Buckley v. Knapp,* 48 Mo., 152; *Proctor v. Houghtaling,* 37 Mich., 41; *Chamberlin v. Vance,* 51 Cal., 79; *Heilman v. Shanklin,* 60 Ind., 424; *Dever v. Clark,* 25 Pac. Rep. [Kan.], 205.)

RAGAN, C.

William Woolman sued John Piper and J. B. Howard in the district court of Hitchcock county for damages for libel. Woolman had a verdict and judgment and Piper and Howard bring the case here for review.

Woolman alleged in his petition that on the 8th day of November, 1891, he was a clergyman of the Congregational church; that on said date Piper and Howard, well knowing the premises, and maliciously intending to injure Woolman in his profession and calling as such clergyman, published and caused to be published of and concerning him in his capacity as such clergyman, in the presence and hearing of divers persons, the following false, malicious, and defamatory matter, to-wit: "We charge him with repeatedly and persistently uttering statements that are contrary to the truth. We charge him with giving way to violent and unchristian temper. We charge him with defaming the good name of members of this church." We have omitted the innuendoes.

To this petition Piper and Howard answered: (1) They admitted the publication of the charges made the basis of Woolman's action; (2) they pleaded that the charges were true; (3) they denied that they made the publication maliciously or with intent to injure Woolman; and denied that they made such charges of or concerning Woolman as a clergyman; (4) they alleged that at the time of making the charges that both they and Woolman were members of the First Congregational church at Palisade, and that they were officers and deacons of the church, and as such it was

their office and duty to prefer such charges, and that such charges were preferred in said church by them according to the usage and discipline of the church; (5) they alleged that the church afterwards tried Woolman on the charges thus preferred against him by them, the defendants, that such trial was according to the usages and discipline of the church, and that the church found Woolman guilty of the charges made against him and dismissed him from its membership.

1. This last paragraph of the answer of Piper and Howard was, on motion of Woolman's counsel, stricken out by order of the district court; and this action by said court is the first error assigned here by Piper and Howard. We do not think the court erred in striking out of the answer of Piper and Howard this clause, for the reason that we are of opinion that neither the finding of the church that Woolman was guilty of the charges preferred against him, nor the judgment of dismissal from its membership pronounced on such finding by the church, was competent evidence for Piper and Howard in this action to prove their defense that the charges they made against Woolman were true. If the church had found Woolman not guilty of the charges preferred against him by Piper and Howard such finding of the church would not have been competent evidence on behalf of Woolman to prove that the charges made were in fact false.

2. Woolman in his reply, in addition to other matters, alleged: "Plaintiff further states that these defendants, maliciously intending to injure him in his profession and calling as clergyman, conspired together to bring this plaintiff into public scandal, ridicule, and contempt without the knowledge and consent of the members composing said church." The court overruled the motion of Piper and Howard to strike out this part of the reply, and this is the second error assigned here. The court should have sustained this motion. This language, if it belonged anywhere,

belonged in the petition. The office of a reply is to deny the facts alleged as defenses in the answer or to allege facts in avoidance of such defenses. This part of the reply did neither.

3. The other errors assigned, and which we notice, have reference to rulings of the court upon the admission and rejection of evidence at the trial. One Clifton was called as a witness for Woolman and testified that he was a minister of the gospel and a member of the Methodist Episcopal church. He was then asked: "State, if you know, what effect, if any, the following charges would have upon a clergyman in the capacity of a clergyman: 'We charge him with repeatedly and persistently uttering statements that are contrary to the truth.'" Counsel for Piper and Howard objected to this question, as incompetent, immaterial, and irrelevant. The objection was overruled, and the witness answered as follows: "They would certainly be detrimental to his reputation and usefulness." The witness was then asked: "You may state what effect the publishing of the following words would have upon a clergyman in his capacity as a clergyman: 'We charge him with defaming the good name of members of the church and subjecting the church society to public reproach.'" This question was objected to and the objection overruled, and the witness answered: "It would destroy his reputation for honesty and qualifications for his office, in my judgment." This testimony was clearly incompetent. The jury were sitting to try what effect the charges made by Piper and Howard against Woolman had had upon the latter. Clifton's evidence was a mere opinion. The case on trial was not one which called for expert testimony nor was it one in which such testimony was proper; and had it been, Clifton had not qualified himself to speak as an expert on the matter in controversy.

One Kountz was called as a witness for Piper and Howard, and was asked: "What kind of a meeting was that?

Was it public service or church meeting?" Woolman's counsel objected to this question, and the objection was sustained. This ruling of the district court was error. The theory of Woolman was that Piper and Howard made the charges against him in the church at Palisade at a time when there was a congregation present consisting of many persons, some of whom were and some of whom were not members of the church; and he put evidence in the record which tended to establish that theory.

The defense of Piper and Howard was that they were deacons of the church, and that as such officers it was their duty to prefer the charges against Woolman, and that they had preferred such charges according to the usage and the discipline or by-laws of the church, and that they did make the charges to the church proper, that is, to the church members alone. In other words, one of the defenses of Piper and Howard was that of qualified privilege, and the evidence excluded by the court tended in some degree to establish the defense.

It seems that the learned judge of the district court excluded the evidence offered by Piper and Howard which tended to support their contention that the charges they preferred were preferred by them as deacons of the church, and made to the church members alone, and made in pursuance of the discipline and by-laws of the church which made it their duty to prefer such charges, because the court was of opinion that the defense of qualified privilege interposed by Piper and Howard was not sufficient in substance and form. The plea was as follows: "And defendants allege that at said time both they and the plaintiff were members of said First Congregational Church of Palisade, Nebraska, and that they, the defendants, preferred such charges in the manner herein set out; that said charges were so preferred and exhibited in said church by defendants according to the usage and discipline thereof." This was a good plea of qualified privilege. (*McKnight v. Hasbrouck*, 20 Atl. Rep. [R.I.], 95.)

It was not necessary to make this defense good for Piper and Howard, to set out in their answer a copy of the minutes of the church meeting showing that they had been elected deacons; nor to set out parts of the discipline or by-laws of the church which made lying by a church member an offense against the laws and rules of the church; nor to set out such parts of the discipline or by-laws of the church as made it the duty of the deacons thereof to prefer formal charges against a member guilty or supposed to be guilty of the offense of lying. These things were all matters of evidence. The plea was good because it complied with the provisions of the Code which require a pleader to state the facts. The charges made by Piper and Howard were libelous *per se,* and the law presumes that they were made maliciously.

The material issues under the pleadings were whether Piper and Howard made the charges against Woolman as a clergyman or against him simply as a member of the church; whether the charges made were true; and, whether true or false, whether they were made by Piper and Howard without malice, with good motives, and for justifiable ends. And all evidence which tended to prove or disprove these issues the litigants were entitled to have go to the jury. The judgment of the district court is

REVERSED AND THE CAUSE REMANDED.